*431
 
 By The Court.
 

 The sole question presented by the pleadings is whether the sums due relator as commissions under its contract with the Department of Liquor Control are properly payable from the liquor control rotary fund.
 

 Section 6064-10, General Code, provides that the' Treasurer of State shall be the custodian of all moneys collected by the Department of Liquor Control, except such as are required to be paid into the state-treasury ; that the fund in the custody of the Treasurer of State for the use of the department shall be known as the “liquor control rotary fund” and shall be disbursed on the order of the Auditor of State on the Treasurer of State as custodian of the fund, pursuant to vouchers signed by the Director of Liquor Control; and that, whenever the amount in the custody of the treasurer to the credit of the rotary fund is in excess of that “needed to meet the maturing obligations of the department and as working capital for its further operations,”' such excess shall be paid into the general revenue fund.
 

 It is apparent from the foregoing that all operating expenses of the department are required to be paid from the liquor control rotary fund which is in the custody of the treasurer and not in the state treasury.
 

 The sums due relator as commissions for the sale of spirituous liquor under its contract with the Department of Liquor Control are payable from the “liquor control rotary fund.”
 

 The demurrer to the amended petition is overruled and, respondent not desiring to plead further, a writ of mandamus is allowed.
 

 Demurrer overruled and writ allowed.
 

 Weygandt, C. J., Zimmerman, Stewart, Taet, Matthias and Hart, JJ., concur.
 

 Middleton, J., not participating.